[Civ. No. 9769. Second Appellate District, Division One.—December 5, 1935.]

C. H. LANE, Appellant, v. CITY OF REDONDO BEACH (a Municipal Corporation), Respondent.

476

Morin, Newell, Brown & Hamill for Appellant.

Frank L. Perry, City Attorney, for Respondent.

ROTH, J., *pro tem.*—Appellant's first cause of action alleges that in the course of making a public improvement under the provisions of the Improvement Act of 1911 (Stats. 1911, p. 730) respondent City of Redondo Beach changed the grade of a public street in the said city so as to damage and destroy his easement of ingress and egress. The second cause of action alleges that as a direct result of the continuing encroachment or trespass of a portion of the work of public improvement, to wit, a retaining wall, that plaintiff's real property has been taken and damaged for a public use without just or any compensation. It is conceded that the complaint is sufficient in all of its material allegations, excepting that it is the contention of the respondent, which contention was adopted by the trial court, that since it appears on the face of the complaint that the public improvement was done under the provisions of the Improvement Act of 1911, it was incumbent upon appellant to allege affirmatively that he had appeared before the city council at the time fixed in the resolution of intention and made objection to the proposed grade involved in the work of improvement, as provided by section 3, part I, of said act, as amended by Statutes of 1929, page 1652, and that his failure to make said affirmative allegation rendered the complaint insufficient. Appellant did not appear before the city council to make the objection referred to, and naturally could not make the allegation required. A demurrer to the complaint and each of its causes of action was sustained without leave to amend, and a judgment of dismissal was entered thereon. From said judgment this appeal is taken.

■ The question presented involves the construction of section 14, article I, of the Constitution, and section 3, part I, of the Improvement Act of 1911, as amended by the Statutes of 1929.

Said constitutional provision provides: ''Private property shall not be taken or damaged for public use without just compensation having first been made to, or paid into court for, the owner . . . '' Section 3 of the Improvement Act referred to provides: ''Any property owner whose property is to be assessed to pay the costs and expenses of the proposed improvement may at the time fixed in the resolution of intention for hearing of objections to the proposed work and improvement, appear before the city council and make objection to the proposed grade or proposed modification of grade. A failure to make objection at such time shall be deemed to be a waiver of all objections to the proposed grade or proposed change or modification of grade and shall operate as a bar to any claim for damages or any subsequent action looking to the prevention of the work or the recovery of damages on account of the performance of the work to such grade or changed grade.'' (Stats. 1929, p. 1652.)

The only notice given by the city council of Redondo Beach of the resolution of intention to make the improvement prescribed in the complaint was the posting and publication of the resolution of intention. The resolution briefly described the prescribed work and referred to the plans and specifications on file with the city engineer. There is no contention that any notice was served by mail, personally, or otherwise, upon appellant, except by the posting and·publication referred to. Respondent contends that appellant's failure to appear before the city council and protest, pursuant to the provisions of section 3, part I, of the Improvement Act of 1911, amounted to a waiver of his right to damages.

The precise question presented in this case is decided by a recent decision of this court, *Ambassador Holding Corporation, Ltd.,* v. *City of Los Angeles,* ■ (Cal. App.) 51 Pac. (2d) 889. After a full and thorough discussion of the cases, this court says in that case: ''The inadequacy of part I on this

subject is evident, consequently, the failure to comply with section 3 thereof does not operate to bar appellant from the right to an action for damages. The isolated reference to damages in section 3 is but an empty threat, a defiance of which cannot destroy a substantial right.''

The judgment is reversed with directions to the trial court to overrule the demurrer to the complaint and to both causes of action thereof, and to allow respondent time to answer.

Houser, P. J., and Doran, J., concurred.